## SMITH *vs.* THE PACIFIC MAIL STEAMSHIP CO.

Where the record of a court of First Instance, returned on appeal, is imperfect, the court will, under the statute of Feb. 28th, 1850, receive affidavits and counter affidavits, for the purpose of ascertaining whether injustice has been done by the court of First Instance; but, when the case is presented upon affidavits, the court will not reverse a judgment, unless it is satisfied that some real injustice upon the merits has been done to the appellant.

APPEAL from the court of First Instance of the district of San Francisco. The record returned in this case was very imperfect, and the defects were attempted to be supplied by affidavits. The affidavits on one side were directly contradictory to those presented on the other side, and it did not appear from the affidavits of the appellants, that injustice had been done to them on the merits.

*Allen T. Wilson*, for plaintiff.

*Hall McAllister*, for defendants.

*By the Court*, BENNETT, J. No error appears on the record in this case, for which the judgment ought to be reversed. This cause being an appeal from a judgment of the court of First Instance, we should feel authorized, under the statute of Feb. 28th, 1850, to reverse it, if it had been shown clearly by the affidavits that injustice had been done upon the merits. The court during the progress of the trial discharged some of the jury, and continued the trial before the others. The record does not show that any objection was made by the defendants to this proceeding, but the defendants now come in, and say, by affidavits, that an objection was made, and ask that the judgment may be reversed for that reason. But they do not show that the facts of the case made out by the evidence do not fully warrant the verdict of the jury and the judgment of the court. Before we should feel called upon to reverse a judgment, when

the case is presented to us upon affidavits, as in this instance, we must be satisfied that some real injustice has been done to the appellants.

I think the judgment should be affirmed.